## SUPREME COURT.

### ELY agt. McNIGHT.

Where on a trial and verdict, "the entry of judgment is stayed to the end that the party may move for a new trial on a case containing exceptions, the same to be heard in the first instance at general term," and instead of moving at general term, a motion for a new trial on the exceptions is made and decided at a *special term*, from which decision an appeal is taken to the general term, the latter court will treat the directions to have the exceptions heard at general term in the first instance, as *waived* by the parties, and the decision made at special term as the decision of the *judge who tried the cause*, whether it was so in fact or not.

Where a mortgagor conveys the premises mortgaged to a purchaser, under an agreement that the latter shall pay the mortgage as a part of the consideration for the premises purchased, and instead of paying the mortgage the purchaser takes an *assignment* of it, with the accompanying bond, to himself, and subsequently assigns the same to a third person, who sues the mortgagor upon the bond, the action cannot be sustained. As between the mortgagor and the purchaser, the agreement operates to discharge the mortgage debt, and the assignee of the latter stands in no better or different position than his assignor.

It is a well settled rule that the assignee of a chose in action can take no greater right or interest than the assignor possessed, and except in cases of negotiable paper, is chargeable with all the equities that apply to him; and this is the rule even though he purchases *without notice and pays value*.

An *agreement* by a purchaser to pay and satisfy a mortgage upon the premises purchased as a part consideration of the purchase money, need not be *in writing* to be valid and binding, but is sufficient if in *parol*, where the agreement is fully performed by the grantor, by executing and delivering a deed, and giving up possession of the premises to the grantee. Holding the agreement fully executed on the part of the grantor, it does not lie with the grantee to refuse performance on his part.

A *promise* to pay for lands sold and conveyed, is not within the statute of frauds, and is not required to be in writing.

An agreement to pay an existing mortgage as part of the consideration money on the purchase of lands, is not an agreement to pay the debt of a third person, and therefore void if resting in *parol;* but it is an *original undertaking*—it constitutes the consideration of the conveyance, and does not come within the statute of frauds, although not in writing.

*Fourth District General Term, October,* 1864.

*Before* POTTER, BOCKES, JAMES *and* ROSEKRANS, *Justices.*

APPEAL from an order of special term granting a new trial.

VOL. XXX.

J. W. Thompson, *attorney for plaintiff.*
I. Coon, *attorney for defendant.*

By the court, Bockes, J.   The case is before us on an appeal from an order.   The cause was tried at circuit by jury, and a verdict was rendered in favor of the defendant; thereupon, according to the record, " the entry of judgment was stayed to the end that plaintiff might move for a new trial on a case containing exceptions, the same to be heard in the first instance at general term."   A case containing exceptions was made, but instead of moving thereon at general term, a motion for a new trial was made at special term, which motion was granted, with costs to abide the event of the suit, and the case is before us on appeal from this order.

If we regard the entry in the minutes of the trial as a direction by the judge that the exceptions should be heard in the first instance at the general term, pursuant to section 265, as I think was intended, it seems to have been disregarded by the parties, inamuch as they went to argument of the case at special term, without following such direction.   This proceeding and action, by consent of parties, operated as a waiver of this order, leaving the case before the special term with a general verdict for the defendant, subject, however, according to the subsequent action of the parties, to a motion at special term on the case and exceptions for a new trial.   This motion, according to the decision in *Jackson* agt. *Fassit* (17 *How.* 453), should have been made before the judge who tried the cause.   In this aspect of the case it stood for further consideration by the judge who tried the cause, who on re-examination of the facts and the law as raised by the exceptions, would either direct a judgment to be entered on the verdict or order a new trial.   But the parties might undoubtedly by consent, proceed at a special term, before a judge other than the one who tried the cause, and the

decision in that event would be regarded the same as if made by the latter. As the case comes before us, such is its condition, and we must take it up as if the order for a new trial had been granted by the judge who conducted the trial, on further consideration after verdict. In this view the case is properly before us for examination on the law and facts.

The plaintiff sought to recover on a bond made by the defendant to George Lasher, conditioned to pay $1,200 and interest, accompanied by a mortgage, which bond and mortgage were given to secure the payment of the purchase price for the mortgaged premises. The defence, apart from some payments which need not be here noticed, briefly stated was this : That the defendant, the mortgagor, conveyed the mortgaged premises to Reuben Ely, on an agreement, which was the consideration of the conveyance, that he, Ely, should pay off and satisfy the mortgage to the holder, but instead of so doing, took an assignment thereof to himself, and that the plaintiff now claims by assignment from him. If it be true that Reuben Ely took the deed from the defendant under an agreement that he would satisfy the mortgage debt, such agreement would be a perfect defence against an attempt on his part to enforce the bond. As between them it would operate as payment and satisfaction, or rather as a discharge of the debt. While such agreement could not affect injuriously the rights of a prior holder of the bond and mortgage, yet so soon as Reuben Ely became the assignee and owner, his agreement with the defendant to satisfy them, had the effect to destroy their validity as a claim against the latter. By the assignment he became the owner of a demand which he had bound himself to satisfy; one which he had agreed to assume and pay. The assignment to Reuben Ely was in that case as effectual to cancel the bond and mortgage, as if he had fulfilled his agreement to the letter, paid the debt and taken a cancellation of the papers (18 *N. Y.* 575).

The plaintiff occupies no better position as regards this claim than did Reuben Ely, his assignor. By the assignment from the latter, he took his place with no better or greater rights, and if Reuben Ely could not enforce the bond against the defendant, the plaintiff cannot. It is the settled rule that an assignee of a chose in action, except when a person becomes a *bona fide* holder of negotiable paper, takes it subject to all rights and equities existing at the time in favor of the debtor against the assignor. It was said in *Westfall* agt. *Jones* (23 *Barb.* 9), that a mortgagee could assign no other rights than he possessed himself, and that if he had no right of action upon the securities he could transfer none. (7 *Paige*, 316; 18 *N. Y.* 475.) The authorities on this point need not be multiplied. It is sufficient to say that the assignee of a chose in action can take no greater right or interest than the assignor possessed, and is chargeable with all the equities that apply to him, and this is the rule even though he buy without notice, and pay value. (11 *Paige*, 467; 5 *Denio*, 640; 10 *Paige*, 369; 9 *Cow.* 409; 2 *Johns.* 595; 2 *Johns. Ch.* 512.) In the case cited (11 *Paige*, 467), it was decided that if a mortgage be void in the hands of the mortgagee, it will also be void in the hands of an assignee thereof for a good consideration, and without notice of the fraud. Indeed, this is the doctrine of all the cases.

The question then is, did the defendant convey the mortgaged premises to plaintiff's assignor under an agreement that the latter should pay and satisfy the mortgage debt ? This was made a question of fact on the trial, as to which much evidence was given, and the jury found in favor of the defendant. It became a fair question for the jury on a conflict of evidence, and the verdict, I think, should conclude the parties. It follows that the defendant was entitled to judgment on the verdict, unless by reason of some technical error committed during the trial, the plaintiff may demand a new trial.

It is objected that the defence above considered was not set up in the answer to the complaint. It is, however, sufficiently averred, I think, both in the original and in the amended answer. The agreement is set up in each substantially, although perhaps not with entire fullness and perspicuity. But were the answer insufficient as is urged, the court would allow an amendment now, it appearing that the question was fully litigated on the trial, under the assumption that the defence was within the issues. The objection is urged that the agreement was void because not in writing. This objection is not well founded. The agreement was fully performed by the defendant. He executed and delivered the deed, and gave up possession of the premises to Mr. Ely, the grantee, and all that remained was for the latter to perform on his part. Holding the benefits of the agreement, fully executed by the other party, it did not lay with him to refuse performance on his part. This point has been repeatedly decided. In *Murray* agt. *Smith* (1 *Duer*, 412), a party received a conveyance of a portion of the mortgaged premises, agreeing in consideration thereof to pay one half of the mortgage debt. The agreement rested in parol. The court held the promise binding, the deed having been executed and accepted. As was said in *Fish* agt. *Dodge* (4 *Denio*, 305), when a party has had the full benefit of his contract, on no just principle can he be allowed to escape from the engagement entered into by him. If one accept a conveyance of property he will be held to payment of the consideration agreed upon. So it was held in *Thomas* agt. *Dickinson* (12 *N. Y.* 364), that a promise to pay for lands sold and conveyed is not within the statute of frauds, and is not required to be in writing.

But it is insisted that the agreement was to pay the debt of a third person, and was therefore void, resting in parol. But the promise here insisted on was an original undertaking by Reuben Ely. It constituted the consideration of the conveyance by the defendant to him. It was held

in *Barker* agt. *Bucklin* (2 *Denio*, 45), that such an agreement was not a promise to answer for the debt of a third person, and, therefore, was not required to be in writing. There are many other cases to the same effect. As between Reuben Ely and the defendant, the former became the principal debtor for the mortgage debt, by his agreement to pay and satisfy it. This duty and obligation he assumed as an original undertaking, upon good and valid consideration, which he accepted and enjoyed. He was as much bound to the performance of the contract with the defendant as he would have been to pay him a sum of money agreed on as a consideration for the conveyance. There can be no question but that the agreement set up as a defence, having been fully performed by the defendant, and the plaintiff's assignor having accepted its benefits and advantages, was binding on the latter although resting in parol.

The only remaining question is, whether the learned judge committed any error in the admission or rejection of evidence on the trial. It was competent for the defendant to prove the agreement, inasmuch as we have seen that if established it was a defence, although not in writing. The objections on that ground are consequently invalid. This was the point of objection in nearly every instance. At folio 41, the plaintiff objected to the evidence, on the ground that the parol agreement was to answer for the debt or default of a third person, and was void by the statute of frauds. So at folio 45, the objection was urged that the agreement not being in writing was void by the statute of frauds; that parol evidence was inadmissible to establish the agreement. At folio 62, the plaintiff moved to strike out the evidence of the agreement, on the grounds before taken. Objections were made in other instances on the same ground, and finally, after the evidence was all in, the plaintiff's counsel moved to strike out all the evidence tending to prove parol agreement, on the ground that

such agreement was void by the statute of frauds. This motion as well as the objections, were properly overruled if I am correct in my conclusion that the agreement was valid and binding, although not in writing. I think such conclusion is well based on numerous decisions, and is sound in principle.

It is a well settled rule that the admissions of a former holder of a chose in action are inadmissible against his assignee. Such admission is deemed hearsay evidence. I do not observe that this rule has been violated in this case. As has been above stated, the defendant had a right to prove the agreement between himself and Reuben Ely, and its performance by himself. This was more than mere admissions, and was no infringement of the rule above recognized. Nor is there any exception to the ruling of the court on this point except perhaps at folio 97. When the question was put: State what Reuben said when he came there? This was objected to, but was admitted, and there was an exception to the ruling. At this time the present plaintiff was present, and besides the evidence tended to prove the agreement asserted and insisted on by the defendant, hence was competent evidence. The ruling was therefore correct.

An exception was also taken to the charge of the judge in regard to the payments made on the mortgage, but it is plain that no error was committed in that regard, nor is this point very strenuously urged.

In my judgment the order granting a new trial should be reversed with costs of appeal, the motion for a new trial denied, and the defendant should be allowed to move before the judge who tried the cause for judgment on the verdict.