## William McClellan Fink *v.* H. S. Smith, Appellant.

*Contracts—Consideration—Assumption of facts not in existence.*

Where certain facts assumed by both parties are the basis of a contract, and it subsequently appears that such facts do not exist, the contract is inoperative.

A promise made by one in order to obtain possession of his own goods, which at the time are wrongfully withheld from him, is without consideration.

Defendant bought a mare at a sheriff's sale, and as an act of kindness towards the defendant in the execution left the animal temporarily with her. Subsequently Hyde, the husband of the defendant in the execution, sold the mare to plaintiff, who took her into his possession. Defendant hearing of this went to plaintiff, and demanded the mare, but was refused. Plaintiff subsequently delivered the mare to defendant on the condition that if, on an indictment of larceny of the mare then pending against Hyde, there should be an acquittal, the mare should be returned, but if Hyde were convicted, defendant was to keep her. Hyde was acquitted of larceny, and subsequently plaintiff replevined the mare. *Held,* (1) that the contract was void, because based on a fact which did not exist, viz: that Hyde's title would necessarily be determined by his acquittal or conviction; (2) that there was no consideration to support defendant's promise.

Argued May 22, 1895. Appeal No. 363, Jan. T., 1895, by defendant, from judgment of C. P. York Co., Aug. T., 1894, No. 11, on verdict for plaintiff. Before STERRETT, C. J., WILLIAMS, MITCHELL, DEAN and FELL, JJ. Reversed.

Replevin to recover a mare.

The facts appear by the opinion of the Supreme Court.

The court charged in part as follows :

" [The only question remaining in this case is whether the mare was, under this agreement, to be returned to Fink, if

Hyde was acquitted of the charge in court of the larceny of
the mare. If so, then we instruct you that there was sufficient
consideration for that agreement at the time the lawsuit was
threatened in order to recover her, and at the time this mare
was involved in the threatened lawsuit; and the only way that
he could get her without a lawsuit was by making this agree-
ment that, it is alleged on the part of the plaintiff, was made
between Fink and Smith.

"If you believe that such an agreement was entered into,
then your verdict should be for the plaintiff for the value of
the mare, with interest from that time.

"But if you believe no such agreement was made, and that
Fink had discovered that this was a stolen mare, and that he,
Smith, executed no such agreement as testified to by Mr. Fink,
but that the mare was voluntarily delivered to him, then your
verdict should be for the defendant.

"The matter we submit to you on the evidence. The ques-
tion is whether you believe the testimony of the defendant
himself; or whether you believe the testimony of the plaintiff
in this case, the testimony of Gallatin, and the testimony of
Henry Fink, the three witnesses for the plaintiff. That is sub-
mitted to you.

"The evidence shows that there was a trial upon this charge
of larceny against George Hyde, and that upon the trial before
a jury George Hyde was acquitted in court. The records of
the court were produced to show the evidence of that fact; and
they were not contradicted.

"You will consider all the circumstances of the case, and
all the evidence in the case, and reconcile the testimony where
it differs, if you can. If you are not able to reconcile the tes-
timony,—I mean the testimony of Mr. Hyde, Mr. Henry Fink,
Sheriff Gallatin and William McClellan Fink, and that of the
defendant, Mr. Smith,—if you cannot reconcile it in regard to
the testimony of the defendant and the testimony of the wit-
nesses for the plaintiff relative to this agreement, you will de-
cide which to believe. This is a civil case, and you will decide
it on what you consider the preponderance or weight of the
testimony in the case.]" [4]

Verdict and judgment for plaintiff for $26.43. Defendant
appealed.

*Error assigned*, amongst others, was (4) portion of charge as above, quoting it.

*H. H. McClune, George B. Cole* with him, for appellant.— 1 Addison on Contracts, 10 ; Stewart v. Trustees, 2 Denio, 403 : Edgell v. McLaughlin, 6 Wh. 175 ; Chitty on Contracts, 6th Eng. ed. 51 ; 3 Am. & Eng. Ency. of Law, 834 ; Addison on Contracts, 13 ; Kennedy's Est. v. Wise, 1 Pa. 445 ; McNutt v. Loney, 153 Pa. 281.

*James B. Ziegler*, for appellee.

OPINION BY MR. JUSTICE DEAN, July 18, 1895 :

Smith, the defendant, at a sheriff's sale of the personal property of one Sarah Hyde, wife of George Hyde, purchased a mare ; then, as a mere act of kindness towards Mrs. Hyde, he left the animal temporarily with her ; some months afterwards, George Hyde, the husband, sold the mare to Fink, the plaintiff, who took her into his possession ; Smith, the owner, hearing of this went to Fink and demanded his property, but he refused to surrender possession ; then Smith informed Gallatin, the sheriff, who had sold her to him, of the wrong and threatened to replevy her ; Gallatin replied that was not necessary as he would get her for him ; Gallatin went to Fink, and obtained a promise from him to restore the mare to Smith without a replevin ; then Smith again went to Fink and the mare was delivered to him on the condition that, if on an indictment for larceny of the mare then pending against George Hyde there should be an acquittal, the mare should be returned, but if Hyde were convicted, Smith was to keep her. Hyde was acquitted of larceny. Thereupon, Fink replevied the mare. When the case came to trial, the facts turned out as we have stated them from the admissions of the parties and the findings of the jury. The verdict was for Fink, plaintiff, in damages to the value of the mare. Hence this appeal by Smith, defendant.

The controlling assignment of error and which in substance embraces all the error alleged is raised by the following excerpt from the charge of the learned judge of the court below : " The only question remaining in this case is whether the mare was, under this agreement, to be returned to Fink, if Hyde was

acquitted of the charge in court of the larceny of the mare. If so, then we instruct you that there was sufficient consideration for that agreement at the time of the lawsuit in order to recover her, and at the time this mare was involved in the threatened lawsuit; and the only way that he could get her without a lawsuit was by making this agreement that it is alleged on the part of plaintiff was made between Fink and Smith. If you believe such an agreement was made then your verdict should be for the plaintiff for the value of the mare with interest from that time."

Was this correct instruction, as to the law applicable to the evidence? There was no dispute as to the ownership of the property; the mare, it was conceded, belonged to Smith; and although he testified no such conditional bargain was made, it was just as positively testified to, on the other side, that it was made, and the jury have found the fact against him. So, we have the unquestioned owner of the mare, bargaining with one in wrongful possession, for her surrender; the possession thereafter to be determined by the verdict in a criminal prosecution, then pending. Was his possession, thus obtained, wrongful as against Fink, when the event of the prosecution was the acquittal of Hyde? That depends on the validity of the contract between them.

1. The contract was void, because based on a fact which did not exist, though both parties assumed it to be a fact. Fink purchased from George Hyde; both assumed that Hyde's title would necessarily be determined by his acquittal or conviction of larceny; but the event of the prosecution in no wise determined that; it determined only that the evidence did not show, beyond a reasonable doubt, a felonious intent; what the weight of it showed, we do not know; but the admitted facts here, that the mare is Smith's, and that Hyde sold her, also show conclusively that Hyde was guilty of either larceny or trespass. So their assumption, that the criminal prosecution would determine Hyde's title, and necessarily theirs, was a mutual mistake of fact. "Where certain facts assumed by both parties are the basis of a contract, and it subsequently appears such facts do not exist, the contract is inoperative:" Horbach v. Gray, 8 W. 497: Miles v. Stevens, 3 Pa. 21; Willings v. Peters, 7 Pa. 287; Frevall v. Fitch, 5 Whart. 325.

2. There was no consideration to support Smith's promise. A promise made by the owner to obtain possession of his goods, which at the time are wrongfully withheld from him, is without consideration: Chitty on Contracts, p. 51; Addison on Contracts, 13. This principle is conceded by the learned judge of the court below, and the undoubted wrongful possession by Fink of Smith's property is also conceded. But he assumes, there is no evidence that Fink knew this at the time he delivered it to Smith, and therefore the contract should be treated as a compromise of doubtful litigation, which is a good consideration to support a contract. But the error in this view is, that Fink's wrongful possession did not depend on what he knew, but on the fact. Was it Smith's property? Had he demanded it from him who wrongfully detained it? If these were the facts, and they are not denied, then, there was no consideration for Smith's promise, for no benefit passed to Smith, and Fink sustained no loss by the contract; to hold that the abandonment of a wholly wrongful detention of another's property can form the basis of a compromise contract with the owner is direct encouragement to the commission of wrong for profit, and for this very reason the law holds the contract to be without consideration. If Fink had been indicted for the larceny of the mare, his knowledge of the ownership would have been material in determining his guilt, but it is of no moment in determining the fact of ownership.

3. While we think it is of doubtful public policy to enforce a contract, where the right to property is made to turn on a verdict in a criminal prosecution, in which both parties to the contract are witnesses, we do not decide the case on that point.

We are of opinion, however, the contract was based on a mutual mistake of a fact, which had no existence, and further, was without consideration. Therefore the judgment is reversed.