A. T. SCHROEDER, RESPONDENT, *v.* C. S. KINNEY, APPELLANT.

### VENDOR AND PURCHASER—MORTGAGES—SURETYSHIP.

K., in part payment of purchase price, gave a mortgage to D. Before the maturity of the notes given with the mortgage, K. sold the property to O., who assumed the payment of the notes after their maturity. D., in consideration of an increase of the interest on the notes, extended the time of their payment *without* the consent of K., and the value of the mortgaged property depreciated from the time of such extension below the face of the mortgage debt. *Held*, that K., the mortgagor, was released from liability on the notes.

(No. 807.   Decided July 3, 1897.)

Appeal from the Third district court, Salt Lake county. Le Grand Young, *Judge.*

Action by A. T. Schroeder against Clesson S. Kinney and others. From a judgment against Kinney, he appeals. *Reversed.*

*Richard B. Shepard,* for appellant.

*Moyle, Zane & Costigan,* for respondent.

MINER, J.:

This action was brought to foreclose a mortgage given May 16, 1890, by Clesson S. Kinney and Antoinette B. Kinney, his wife, to A. R. Derge, to secure the payment of two promissory notes for $375 each, made by Clesson S. Kinney to the order of A. R. Derge, due two and three years from date of mortgage, and given to secure the part payment of the purchase price of the property covered

by the mortgage. The notes drew 10 per cent. interest per annum, payable quarterly from date, and the mortgage provided for the payment of 10 per cent. attorney's fee in case of failure to perform the conditions of the mortgage. On the 21st day of September, 1891, Kinney sold the land by contract to John Owens, and on September 26, 1891, Kinney and wife conveyed the mortgaged premises to John Owens by warranty deed, free from incumbrance, except this mortgage to A. R. Derge for $750, which Owens, the party of the second part, assumed by writing in the deed, and agreed to pay. On December 12, 1890, A. R. Derge assigned the notes and mortgage to H. Derge, without recourse. On September 20, 1894, H. Derge, by his attorney, A. R. Derge, assigned the note to A. T. Schroeder, the plaintiff, as trustee, by writing indorsed on the back of the mortgage. On December 12, 1890, H. Derge, of Wisconsin, appointed A. R. Derge, of Salt Lake City, his attorney, to assign and satisfy mortgages on record. A. R. Derge attended to all the business by direction of his father, H. Derge. This action was commenced November 20, 1894, asking a foreclosure of the mortgage as against C. S. Kinney and his wife, Antoinette B. Kinney, John Owens and his wife, Jane Owens, and a deficiency judgment against Clesson S. Kinney and John Owens; also a receiver, and 10 per cent. attorney's fee. Service was had on Owens and wife by publication only. They made no answer, and their default was duly entered. Antoinette B. Kinney answered separately, and disclaimed any interest in the property. C. S. Kinney answered and alleged that on May 16, 1892, at the maturity of the first note, and on Aug. 16, 1893, at the maturity of the second note, said A. R. and H. Derge, owners, extended the time of payment of said notes and mortgage for three months upon consideration of the payment

of 12 per cent. interest per annum thereon instead of 10 per cent per annum, as provided in the notes, which agreement was unknown to the defendant and without his consent; also that payment was extended on like consideration in November, 1892, February 16, 1893, May, August, and November, 1893, and February, May, and August, 1894, without his knowledge or consent; that the mortgaged premises were inadequate and insufficient to pay the debt secured by the mortgage at the time the suit was brought, and from the times of such extensions of payment, but was sufficient to pay said mortgage debt at the time the notes fell due; and claimed a release by reason of such extensions of payment. Derge had notice that Owens had assumed the payment of the mortgage debt soon after he assumed its payment. The first note was due May 16, 1892; the second note was due May 16, 1893. Owens paid all the interest on the notes quarterly as it fell due up to and including August 16, 1894, and on November, 1894, he paid $100 on the principal. All payments of interest commencing on August 16, 1892, up to August 16, 1894, were made at the rate of 12 per cent. per annum under agreement with A. R. Derge, in consideration of the extension of time of payment of the notes. Previous payments of interest were made by him at 10 per cent. per annum up to the maturity of the first note. Kinney testified that he was first informed that Derge looked to him for payment of the notes on September 22, 1893; that at this time A. R. Derge informed him that he had extended the time of payment of 1893; that Owens did not pay the interest, and that he (Derge) looked to him (Kinney) for payment; that he refused to pay them because the time had been extended 1½ years on the first note without his consent; that in October, 1893, Derge informed him that he and Owens had

gotten together, and fixed the matter up, and that he had given Owens another extension until next spring to pay the notes; that such extension was without his consent; that he told Derge to foreclose; that the mortgaged property was worth $900 to $1,000, May 16, 1892, and on August 16, 1894, it was worth only about $500 to $600.

The testimony of A. R. Derge, together with letters and receipts to Owens, shows that he had extended the time of payment of the first note from the time it was due until September 22, 1893, when he demanded payment from Kinney. He testified that at this time Kinney requested him to extend the payment of the notes, or allow Owens further time. This Kinney denies. Derge also says that about a month or so later Kinney informed him that he would not be liable on the notes by reason of the extension, and told him to foreclose. It is clear that shortly after this conversation Derge voluntarily extended the time of payment on both notes up to August 16, 1894, and as consideration for such extension received 12 per cent interest on the notes instead of 10 per cent, as provided in the notes. All the testimony already shows that Derge extended the time of payment of the notes and mortgage from the time of maturity to the 16th day of August, 1894, and that the value of the property had depreciated from $300 to $500. There is no testimony showing that Kinney consented to the extensions of time after September, 1893, when he informed Derge that he would not pay the notes, and asked him to foreclose. The testimony also shows that Derge extended the time of payment from maturity of the notes up to about September 22, 1893, in consideration of the payment of 12 per cent interest, partly in advance, without the consent, concurrence, or knowledge of Kinney. Kinney paid nothing on the notes after his sale to Owens. Upon the hearing be-

low the court found all the issues against defendant Kinney, and rendered a deficiency judgment against him for the amount due upon the notes, from which decree this appeal is taken.

It is a general rule that a·purchaser who assumes the mortgage becomes, as to the mortgagee, the principal debtor, and the mortgagor a surety; yet under such circumstances the mortgagee, unless he assented to such an arrangement, may treat both as principal debtors, and may have a personal decree against both. So the purchaser, having assumed the payment of an existing mortgage, he thereby becomes the principal debtor, and the mortgagor a surety of the debt merely, and an extension of the time of payment of the mortgage by an agreement ·between the holder of it and the purchaser, without the consent of the mortgagor, discharges the mortgagor from liability under it. 1 Jones, Mortg. §§ 741, 742; *Calvo* v. *Davis*, 73 N. Y. 211; *Bunnell* v. *Carter*, 14 Utah 100; *Walley* v. *Bank*, 14 Utah 305.

In this case it appears from the testimony that after the maturity of the debt secured by the mortgage the mortgagee, without the ˙ knowledge or consent of Kinney, in consideration of the payment to him by Owens of an increased rate of interest over that borne by the notes, extended the payment of the notes and mortgage from time to time, for a considerable time after they became due, up to August 16, 1894; that the value of the mortgaged property had depreciated from the time of such extension below the face of the mortgage debt. By this extension of the time of payment without the concurrence of Kinney at the time of each extension, based upon the consideration of an additional payment of interest, the land having depreciated in value in the meantime below the mortgage debt,

Kinney was released from liability on the notes. This holding is in accordance with the previous decisions of this court in the case of *Gillett* v. *Taylor,* 14 Utah 191; *Bunnell* v. *Carter,* 14 Utah 100; *Clark* v. *Fisk,* 9 Utah 94, and is sustained by 1 Jones, Mortg. §§ 741, 742; *Insurance Co.* v. *Hanford,* 143 U. S. 187; *Murray* v. *Marshall,* 94 N. Y. 611; 2 Brandt, Sur. (2d ed.) §§ 354, 359-375; *Walley* v. *Bank,* 14 Utah 305.

We are of the opinion that the court erred in its findings and judgment, and in holding defendant Kinney personally liable on the deficiency judgment. The district court is instructed to modify its findings and judgment in accordance with this opinion, and to set aside and vacate the personal judgment and decree rendered against defendant Kinney. Defendant Kinney is entitled to costs.

ZANE, C. J., and BARTCH, J., concur.