MILLER v. KENNEDY *et al.*

1. Since a grantee's assumption of a mortgage on land conveyed renders him the principal debtor, and the mortgagor his surety, where the mortgagee has actual knowledge of such assumption, his agreement with the vendee extending the time of payment, against the objection of the mortgagor, discharges him from any liability for a deficiency judgment.

2. Parol evidence is admissible to show that the vendee, as part consideration for the premises conveyed, orally agreed to assume and pay a mortgage thereon.

Opinion filed February 7, 1900.

Appeal from circuit court, Walworth county. Hon. A. W Campbell, Judge.

Action by A. A. Miller against Edward G. Kennedy and others to foreclose a mortgage on real property. From that portion of the decree which adjudges the defendant Edward G. Kennedy not liable for a deficiency after sale. Plaintiff appeals. Affirmed.

*W. F. Mason*, for appellant.

The relations between a mortgagee and mortgagor cannot be changed by the assumption by a mortgagor's grantee of the mortgage debt, until the mortgagee has accepted the assumption or claimed some benefit under it. Eller v. Hasche, 31 Wis. 57; Biddel v. Brizzelona, 30 Pac. 609; Fisk v. Glover, 39 N. E. 1082; Corbett v. Waterman, 11 Iowa, 87; Massie v. Mann, 17 Iowa, 134; James v. Day, 37 Iowa, 164; Waters v. Hubbard, 44 Conn. 340; Boardman v. Larrabee, 51 Conn. 39; Insurance Co. v. Mayer, 8 Mo. App. 18; Huyler v. Atwood, 26 N. J. Eq. 504; Sohier v. Loring, 6 Cush. 537.

It was error to admit evidence to show that the mortgagor's grantee as a part of the consideration for the grant to him orally agreed and assumed to pay the mortgage, and that the mortgagor had so informed the plaintiff mortgagee. Ogden v. Ball, 41 N. W. 453; Sandwich Manuf. Co. v. Zellmer, 51 N. W. 379; Brown v. Wolcott, 48 N. W. 426; *Id.* 48 N. W. 326; Corkins v. Copley, 13 N. W. 904; Bennett v. Kuhn, 15 N. W. 776; *Id.* 30 N. W. 112; Herman on Estoppel, p. 241; Wise v. Fuller, 29 N. J. Eq. 261; Clifford v. Corrigan, 117 N. Y. 257.

*H. H. Potter*, for respondent Edward G. Kennedy.

When the vendor of property and the purchaser thereof agree that the consideration, or part thereof, shall be paid by the purchaser to a creditor of the vendor, the purchaser as between these two parties will become the principal debtor, and the vendor, the original debtor, becomes merely a surety for the payment of the debt. The extension of the time of payment granted by the creditor to the debtor's vendee resulted in the release of the debtor. Union Stove & Mach. Works v. Caswell, 16 L R. A. 85; Jones, Mortgages, Sec. 472; George v. Andrews, 60 Md. 26; Calvo v. Davis, 73 N. Y. 211; Paine v. Jones, 76 N. Y. 274; Murray v. Marshall, 94 N. Y. 611; Spencer v. Spencer, 95 N Y. 353; Ins. Co. v. Hanford, 12 Sup. Ct. Rep. 437; Bank v Waterford, 134 Ill. 461; Brandt, Suretyship, §§ 17, 24; Schroeder v. Kinney, 49 Pac. 894; King v. Baldwin, 2 John. Ch. 372.

Parol evidence of the agreement between the mortgagor and his vendee as to the assumption of the mortgage debt was admissible. 2 Smith's Lead. Cases, 677; Wharton Ev., Sec. 923, seconded.; Sheehy v. Fulton, 57 N. W. 395; Coleman v. Pike County, 3 Am. St. Rep. 746; Jewett v. Sundback; 5 S. D. 3; Whitbeck v. Whitbeck, 18 Am. Dec. 505; McMaster v. Insurance Co., 14 Am. Rep. 239.

FULLER, P. J. From that portion of the decree in this action to foreclose a mortgage on real property which adjudges the defendant Edward G. Kennedy not liable for a deficiency remaining after the sale of the premises, and from an order overruling a motion for a new trial, plaintiff appeals.

For the purposes of the questions of law presented the facts may be briefly stated thus: After the execution of the mortgage,

and before its maturity, respondent sold and conveyed the premises to the defendant, S. L. Overholser, who as part consideration therefor, orally assumed and agreed to pay the debt secured by appellant's mortgage, which was mentioned in the deed as an incumbrance. Thereafter appellant, with actual knowledge of the sale and assumption of the mortgage debt, entered into a written contract, indorsed on the back of the note, by the terms of which he agreed with Overholser to extend the time of payment several years, although respondent protested against, and refused to consent to any extension. In accordance with a familiar principle, where the owner of mortgaged property and a purchaser thereof agree that, as a part consideration, the grantee shall pay the mortgage indebtedness, the relation of principal and surety, as between the parties, is thereby created, and the grantee becomes the principal debtor, while the grantor and mortgagor occupy the relation of a surety, responsible only as such to a mortgagee having notice of such contract. Of course, both are debtors of the mortgagee, but the land is the primary fund out of which the debt must be satisfied, in the first instance, if it be sufficient for that purpose; and, if not, it is the duty of the purchaser to satisfy the obligation in accordance with his promise, and according to the rules of law relating to principal and surety. After being advised of such assumption, an agreement by a mortgagee with a purchaser, who, by assuming the mortgage, has become the principal debtor, extending the time of payment without the consent of the surety, discharges him from all liability. "The assumption," says Mr. Pomeroy, "produces its most important effect, by the operation of equitable principles, upon the relation subsisting between the mortgagor, the grantee, and

12 S. D.—31

the mortgagee. As between the mortgagor and the grantee, the grantee becomes the principal debtor, primarily liable for the debt, and the mortgagor becomes a surety, with all the consequences flowing from the relation of suretyship. As be tween these two and the mortgagee, although he may treat them both as debtors, and may enforce the liability against either, still, after receiving notice of the assumption, he is bound to recognize the condition of suretyship, and to respect the rights of the surety, in all of his subsequent dealings with them. * * * While the mortgagee may release the mort gagor without discharging the grantee, his release of the grantee, or his valid extension of the time of payment to the grantee, without the mortgagor's consent, would operate to discharge the mortgagor. In short, the doctrines concerning suretyship must control the dealings between these three parties." 1 Pom. Eq. Jur. pp. 192, 193; Dillaway v. Peterson 11 S. D. 210, 76 N. W. 925. To the same effect, see Calvo v. Davies, 73 N. Y. 211; Machine Works v. Caswell (Kan.) 29 Pac. 1072, 16 L. R. A. 85; Bank v. Waterman's Estate, 134 Ill. 461, 29 N. E. 503; Schroeder v. Kinney (Utah) 49 Pac. 894; King v. Baldwin, 2 Johns. Ch. 554; Wiltsie, Mortg. Forec. p. 272; Insurance Co. v. Hanford, 143 U. S. 187, 12 Sup. Ct. 437, 36 L. Ed. 118.

Counsel insist that it was error to allow respondent Kennedy and the defendant Overholser to testify that the latter, as part consideration for the premises, orally agreed to pay the mortgage indebtedness, and it is urged that such proof tended to vary the terms of the deed, and contradict the consideration expressed therein. To us it seems clear that the contract to assume and pay the mortgage was wholly independent of anything contained in the deed, the consideration of which is al-

ways open to inquiry so long as proof with reference thereto in no manner tends to destroy its validity, and the testimony was properly admitted.

Surely, such an agreement, fully performed by the grantor, who has executed a deed and surrendered possession to the grantee, is not within the statute of frauds, requiring it to be in writing, nor is it an agreement to pay the debt of a third person, but wholly an original undertaking, relating to the consideration of the conveyance, and need not be in writing. McDill v. Gunn, 43 Ind. 315; Ely v. McNight, 30 How. Prac. 97; Ketcham v. Brooks, 27 N. J. Eq. 347; Merriman v. Moore, 90 Pa. St. 78; Lamb v. Tucker, 42 Iowa, 118; Taintor v. Hemmingway, 18 Hun. 458; Society v. Haines, 47 Ohio St. 423; 25 N. E. 119; Burnham v. Dorr, 72 Me. 198; Putney v. Farnham, 27 Wis. 187. Upon both principle and authority, we conclude that Overholser, having as part consideration for the deed, assumed the payment of the mortgage, became the principal debtor, and respondent, the mortgagor, a surety merely. Therefore appellant, the mortgagee, by his agreement to extend the time of payment without the concurrence of respondent and over his objection, discharges him from all liability. It is our opinion, therefore, that the trial court properly disposed of the case, and the judgment appealed from is affirmed.