## IOWA LOAN & TRUST CO. V. SCHNOSE *et al.*

1. Under Rev. Civ. Code, §§ 1189, 1194, 1196, 1205, 1206, declaring that consent is essential to the existence of a contract, that it is not free when obtained through mistake, and that a mistake in fact is a mistake not caused by the neglect of a legal duty, where defendants believed when they contracted for an extension of time on assuming a mortgage that they had a legal title to the property subject to the mortgage, and plaintiff believed when it accepted the mortgage that it was securing a valid lien, and, at the time of the extension, had no notice that the mortgage was invalid, the contract of extension was not binding, because of the mistake.

2. Payments of interest having been made on a note and mortgage under the belief that defendants had acquired the legal title to the property, they were entitled to recover them as a counter claim in an action on the note.

3. Where limitations were not pleaded to a counterclaim for interest paid

on the note sued on, recovery could not be restricted to payments made within six years prior to the action.

4. Where a mortgagor conveyed the property to a grantee, who assumed payment of the mortgage with knowledge of the mortgagee, the mortgagor became surety, and an extension of time of payment granted without his knowledge or consent extinguished his liability.

5. Where more than six years have elapsed since a cause of action accrued on a note against a defendant, and he has paid no interest thereon since 1890, the note is barred by limitations.

6. Where, in an action on a note alleged to have been executed in Iowa, the law of that state is not pleaded or introduced in evidence, it must be presumed identical with the law of the forum as to the effect of an extension releasing a surety.

(Opinion filed April 4, 1905.)

Appeal from circuit court, Turner county; Hon. E. G. Smith, Judge.

Action by the Iowa Loan &amp; Trust Company against Augustus E. Schnose and others. From a judgment for defendants, plaintiff appeals. Affirmed.

*Jones &amp; Jones,* for appellants.

All agreements between the original mortgagor and his grantee, or any person who afterward acquired title, cannot affect the original payee of the note, unless he directly agrees, or by some act, by which the law imputes to him an agreement releases the principal debtor. James v. Day et al., 37 Iowa 164; Nassie v. Mann, 17 Ia. 131; Robertson v. Stuhlmiller, 93 Ia. 326, 61 N. W. 986; Shepard v. May, 115 U. S. 505; Williard v. Wood, 135 U. S. 309; Union Life Insurance Co. v. Hanford, 143 U. S. 187; Waters v. Hubbard, 44 Con. 340; Fish v. Glover, 154 Ill. 86; Clinton v. Brooks, 77 Maryland 554; Marium v. Miles, 54 Neb. 556, 74 N. W. 861; Shute v. Taylor, 61 N. J. Law 256; Burrell v. Carter, 14 Utah 100.

A contract is to be interpreted according to the law and usage of the place where it is to be performed.     Comp. Laws 3561; Rev. Codes 1903, page 759, Sec. 1255.

All contracts are to be governed by the laws of the place where they are to be performed.     Strother v. Lucas, 12 Peters 436.

The obligations of the contract upon the parties to it are to be expounded by the law of the place where the contract is to be performed.     Townsend v. Jennison, 9 Howard 420; Meuer v. C. M. & St P. Ry. Co., 5 S. D. 568, 53 N. W. 187; Jones v. F. L. & T. Co., 7 S. D. 122, 63 N. W. 563.

A surety may compel his principal to perform the obligations when due.     Sec. 2002; Bingham v. Mears, 4 N. D. 439, 61 N. W. 808, 37 L. A. R. 257; Kennedy v. Falde, 4 Dakota 319, 29 N. W. 667.

The validity or unvalidity of all contracts is to be governed by the law of the state in which they are made, unless to be performed elsewhere.     Commercial Bank v. Jackson et al., 7 S. D. 140, 63 N. W. 548.

*L. L. Fleeger (French & Orvis,* of counsel), for respondent Schnose.

*Aiken & Judge,* for respondent McGinn.

A mistake of fact occurs when some fact which really exists is unknown, or some fact is supposed to exist which really does not exist.     Mowatt v. Wright, 1 Wend. 355.

If certain facts are assumed by both parties to a contract as its basis and it subsequently appears that such facts did not exist, the contract is inoperative.     Fink v. Smith, 170 Penn. St. 124; Bedell v. Wilder, 65 Vt. 406.

CORSON, P. J.  This is an action to recover from the defendants $500 alleged to be due the plaintiff upon a certain promissory note executed by the defendant Schnose, and its payment assumed by the other defendants.  The case was tried to the court without a jury, and, the findings and judgment being in favor of the defendants, the plaintiff has appealed.

The facts as found by the court may be summarized as follows:  In December, 1889, the defendant Schnose obtained a loan from the plaintiff, giving it the promissory note in controversy in this action, and to secure its payment, executed a mortgage on 80 acres of land in Turner county.  In 1891 Schnose conveyed the land so mortgaged to Mrs. Roberts, who, by the terms of the deed, assumed and agreed to pay the said note and mortgage.  In 1894, Mrs. Roberts having died, Alvina McGinn succeeded to her title by succession and a deed from her father to the premises so mortgaged, and, not being able to take up the mortgage, she and her husband, Christopher McGinn, in 1894 entered into a contract with the plaintiff for an extension of time for a period of five years.  The plaintiff stipulated that time for payment should be so extended, and in consideration of such extension the said McGinns, in effect, covenanted and agreed to pay the said note and mortgage.  The said Schnose had no knowledge or notice of this agreement extending the time until some years after the same was executed.  In an action tried in the circuit court of Turner county in 1890, in which one Hunter was plaintiff, and the McGinns defendants, it was determined and adjudged by the court that the title of Alvina McGinn to the property mortgaged was invalid, and that Schnose was not the owner of the

same, at the time he assumed to execute the mortgage thereon to the plaintiff, and assumed to convey the same to Mrs. Roberts, although Schnose, at the time he executed the mortgage, and Alvina McGinn, at the time she acquired the property and signed the contract for the extension, and the plaintiff, at the time it made the loan and took the mortgage, honestly believed that Schnose had a good title thereto.  The McGinns would not have entered into a contract for extension of time, and in effect agreed to pay the note and mortgage, had they not believed that the title of Alvina McGinn was a good and valid title, and that, at the time they entered into the contract for the extension, they did so under a mistake of fact.  Schnose paid the interest on the note and mortgage due December 1, 1890, and Alvina McGinn subsequently paid the interest on the same to about the 1st day of December, 1898.

It will thus be seen that the note was originally executed by Schnose, and secured by a mortgage on property to which he believed he had a good title; that subsequently he conveyed the property to Margaret Roberts, who assumed to pay the note and mortgage as a part of the purchase price; that Alvina McGinn acquired the legal title to the property, and, in the contract of extension of the time of payment with the plaintiff, she and her husband assumed, in effect, to pay the said note and mortgage under the honest belief that she had acquired a legal title to the same, and that the plaintiff had a valid lien upon the same by its mortgage thereon; that the agreement on the part of the plaintiff extending the time was made without the knowledge or consent of Schnose, and that more than six years had elapsed after the conveyance by Schnose, the maturity of the note, and the payment of interest by him before the commencement of this action.

From the facts found, the court concludes: "That the defendants Alvina McGinn and Christopher McGinn are neither of them liable to plaintiff in any sum whatsoever on account of the matters contained in the complaint herein, and therefore said complaint should be dismissed as to said defendants.   (2) That the plaintiff is indebted to defendant Alvina McGinn in the sum of two hundred forty dollars, with interest thereon from December 4, A. D. 1891, for which sum said defendant is entitled to recover as a counter-claim.   (3)  That the extension of the time of payment of the note and mortgage as set out in finding 6 hereof, without notice to the defendant Augustus E. Schnose, and without his knowledge or consent, released him from any liability upon the said note or mortgage.   (4) That more than six years had elapsed after a cause of action accrued against the defendant Augustus E. Schnose upon said note in favor of the plaintiff before this action was commenced. (5)   That the defendant Augustus E. Schnose is entitled to a judgment against the plaintiff, dismissing this action as to him, and for his costs."

The theory upon which the court's conclusions are based evidently was that the defendants McGinn entered into the contract for the extension of time with the plaintiff under the mistaken belief that Schnose was the owner of the property at the time he executed the mortgage, and that she had acquired a valid and legal title thereto by the deed from Schnose to her mother, and that, as she in fact acquired no title, and had entered into the contract by mistake, the contract for an extension had never become operative as a contract, and she and her husband were not liable theron; and that, having paid the plaintiff $240 of interest under the mistake as to the title, Alvina

McGinn was entitled to recover the same back in this action. The court further concludes that as Margaret Roberts, grantee of Schnose, had assumed to pay the note and mortgage as a part of the purchase price, with the knowledge or consent of the plaintiff, she became the principal debtor, and Schnose a surety only, and that, by the agreement for the extension made by the plaintiff with the McGinns without the knowledge or consent of Schnose, Annie McGinn became the principal debtor, his liability upon the note and mortgage was extinguished, and also that the action was barred as to him under the statute of limitations.

The correctness of these conclusions of law is challenged by the appellant, and it contends that inasmuch as the McGinns, in the agreement for extension of time, stipulated, in effect, for the payment of the note and mortgage, they were conclusively bound by that agreement; (2) that as the note was executed at Des Moines, Iowa, and made payable there, the contract, as to Schnose, is to be determined by the law of Iowa, and that by the law of that state the agreement for the extension of time would not have the effect to discharge him from his liability, and that the action, as to him, was not barred by the statute of limitations.

We are of the opinion that the court was clearly right in holding that the contract entered into by the McGinns with the plaintiff for an extension of time was made under a mutual mistake of fact by all of the parties, and that the contract, therefore, was not binding upon the McGinns. It is quite clear from the facts found that the only consideration for the stipulation made by the McGinns in the contract for the extension of time was the mistaken assumption on their part that

Alvina McGinn was the owner of the legal title, and, it having been determined that she did not acquire the legal title or any title to the property, the court was right in concluding that the McGinns were not liable thereon.

The Civil Code of this state provides upon the subject of contract as follows: "It is essential to the existence of a contract that there should be (1) parties capable of contracting; (2) their consent; (3) a lawful object; and (4) sufficient cause or consideration." Section 1189, Rev. Civ. Code. And upon the subject of consent and mistake as follows: "The consent of the parties to a contract must be (1) free; (2) mutual; and (3) communicated by each to the other." Section 1194, Rev. Civ. Code. "An apparent consent is not real or free when obtained through * * * (5) mistake." Section 1196. "Mistake may be either of fact or of law." Section 1205, Rev. Civ. Code. "Mistake of fact is a mistake not caused by the neglect of a legal duty on the part of the person making the mistake, and consisting in (1) an unconscious ignorance or forgetfulness of a fact past or present, material to the contract, or (2) belief in the present existence of a thing material to the contract which does not exist, or in the past existence of such a thing, which has not existed." Section 1206, Rev. Civ. Code.

It is quite clear that in the case at bar there was a mistake of fact not caused by the neglect of a legal duty on the part of the defendants McGinn; that there was a belief at the time the contract was entered into of the present existence of a thing material to the contract, namely, that Alvina McGinn had a valid legal title to the property, subject to the mortgage, and that the mortgage assumed was a valid mortgage upon the property; and it is equally clear that had they not honestly be-

lieved that Alvina McGinn had acquired a legal title to the property, and that the mortgage was valid, they would not have entered into the contract. The McGinns had no interest with Schnose, and, so far as the record discloses, did not even know him. It is not reasonable, therefore, to suppose that they would have assumed to pay his note unless they believed Alvina McGinn had acquired the title to the property which they were seeking to protect by obtaining an extension of time. It is also quite clear that the plaintiff honestly believed when it accepted the mortgage that it was securing a valid lien upon the property, and the record discloses nothing showing that it had any notice or knowledge at the time the contract was entered into for an extension of time that the mortgage was not then a valid lien upon the property. Bedell v. Wilder, 65 Vt. 406, 26 Atl. 589; Fink v. Smith, 170 Pa. 124, 32 Atl. 566. In the former case the Supreme Court of Vermont, in its opinion, says: "If an agreement is induced by a mistake common to both parties, without which mistake the agreement would not have been made, and the mistake was in respect to the subject-matter of the contract, the agreement is inoperative and void. Such was the civil law. Domat's Civil Law, pt. 1, bk. 1, tit. 18, §1, art. 7. The same rule has been adopted as a part of the common law, and is based upon the idea that in such cases no contract has been consummated; that the minds of the parties have never met in respect to the real subject-matter of the contract. It is not a case of a mere failure of consideration, for that implies the existence of a contract, while a mutual mistake prevents the existence of one." In the note to the case of Miles v. Stephens, 3 Pa. 21, reported in 45 Am. Dec. 621, the learned annotator says: "'No principle of equity is more firm-

ly settled than that relief will be granted from the consequen-
ces of a mistake of fact, provided that such mistake is in ref-
erence to a fact material to the transaction, and was not oc-
casioned by the party's own neglect of a legal duty. There is
no doubt of this general rule. * * * It may be either a
mistake as to a fact past or present, arising from unconscious
ignorance or forgetfulness, or a mistake occasioned by a belief
in the past or present existence of a fact. Under all circum-
stances, in order to obtain equitable relief, the mistake must
have been unintentional." Clearly the court was right in con-
cluding that the defendants McGinn entered into the contract
under a mistake, and that their consent was not freely given,
and that the contract, therefore, was never binding upon her
or upon her husband. It logically follows, therefore, that, the
payment of interest by said Alvina McGinn upon the note and
mortgage having been made upon the theory that she had ac-
quired the legal title to the property, she was clearly entitled
to recover it back as a counterclaim in this action.

The contention of appellant that Alvina McGinn could
only recover for payments made within six years prior to the
commencement of this action is not tenable, for the reason that
the statute of limitations as to her counterclaim was not plead-
ed.

This brings us to the consideration of the question as to
the liability of Schnose. Schnose, as we have seen, conveyed
the property to Margaret Roberts, who assumed the payment
of the indebtedness of Schnose to the plaintiff as a part of the
purchase price of the property, with the knowledge and con-
sent of the plaintiff. Margaret Roberts, therefore, by this as-
sumption of the debt, and her successor, Alvina McGinn, by

her contract with the plaintiff extending the time, became the principal debtor, and Schnose's position was changed from that of principal debtor to that of surety. The decisions are not in harmony upon this question, but this court has adopted the doctrine established by the line of decisions holding that in such cases the grantee, assuming to pay the debt secured by mortgage with the knowledge and consent of the mortgagee, becomes the principal debtor, and that a legal extension of the time granted to such grantee for the payment of the debt without the consent of the original mortgagor releases such mortgagor from his liability upon the note and mortgage; following the decisions in Calvo v. Davies, 73 N. Y. 211; Machine Works v. Caswell, 48 Kan. 689, 29 Pac. 1072, 16 L. R. A. 85; Bank v. Waterman's Estate, 134 Ill. 461, 29 N. E. 503; Schroeder v. Kinney, 15 Utah 462, 49 Pac. 894; Ins. Co. v. Hanford, 143 U. S. 187, 12 Sup. Ct. 437, 36 L. Ed. 118; and the rule as stated by section 1206 of Pomeroy's work on Equity Jurisprudence, and 1 Willsie on Mortgage Foreclosure, § 223. The cases in this court in which the rule there stated has been followed are Dilloway v. Peterson, 11 S. D. 210, 76 N. W. 925; Miller v. Kennedy, 12 S. D. 478, 81 N. W. 906; Hull v. Hayward, 13 S. D. 295, 83 N. W. 270.

In Miller v. Kennedy, supra, this court, speaking by Mr. Justice FULLER, says: "In accordance with a familiar principle, where the owner of mortgaged property and a purchaser thereof agree that, as a part consideration, the grantee shall pay the mortgage indebtedness, the relation of principal and surety, as between the parties, is thereby created, and the grantee becomes the principal debtor, while the grantor and mortgagor occupy the relation of a surety, responsible only

as such to a mortgagee having notice of such contract.  *  *  *
After being advised of such assumption, an agreement by a
mortgagee with a purchaser, who, by assuming the mortgage,
has become the principal debtor, extending the time of pay-
ment without the consent of the surety, discharges him from
all liability." Section 1999 of the Revised Civil Code provides:
"A surety is exonerated (1) in like manner with a guarantor."
Section 1986 of the same Code provides: "A guarantor is ex-
onerated except so far as he may be indemnified by the princi-
pal, if by any act of the creditor, without the consent of the
guarantor, the original obligation of the principal is altered in
any respect, or the remedies or rights of the creditor against
the principal in respect thereto, in any way impaired or sus-
pended." The court was therefore clearly right in holding
that, by reason of the extension of time granted to the Mc-
Ginns without the knowledge or consent of Schnose, his lia-
bility was extinguished. It is also clear that the court was
right in holding that Schnose was dischared from liability by
reason of the statute of limitations; he having paid no interest
subsequently to December, 1890, either directly or through
any authorized agent, and the note was clearly barred as to
him.

The contention of the appellant that as the note and mort-
gage were executed in Iowa, and made payable there, the law
of Iowa should govern, is untenable, for the reason that, so far
as the record discloses, the law of Iowa was not pleaded or in-
troduced in evidence on the trial; and hence this court must
presume, for the purposes of this decision, that the law of
Iowa is identical with the law of this state upon the subject of
the effect of the contract of extension in releasing Schnose

from liabi'ity.  Morris v.. Hubbard, 10 S. D. 259, 72 N. W. 894; Meuer v. C., M. & St. P. Ry. Co., 5 S. D. 568, 59 N. W. 945, 25 L. R. A. 81; Id., 11 S. D. 94, 75 N. W. 823; Commercial Bank v. Jackson, 7 S. D. 135, 63 N. W. 548; Id., 9 S. D. 605, 70 N. W. 846; Thomas v. Pendleton, 1 S. D. 150, 46 N. W. 180; Sandmeyer v. Dakota, F. & M. Ins. Co., 2 S. D 346, 50 N. W. 353.

Finding no error in the record, the judgment of the circuit court and order denying a new trial are affirmed.