## HULL v. HAYWARD *et al.*

1. Where a mortgagor conveyed his interest in mortgaged premises, his vendee assuming and agreeing to pay the mortgage, but the mortgagee was not a party to such agreement, and never communicated with the vendee regarding the debt, nor with the mortgagor, except receiving a notice of the conveyance, and that vendee had assumed the mortgage, and would pay the interest, and in receiving the interest had no personal knowlekge as to who paid it, there was no acceptance of the vendee as mortgagee's debtor, and no release of the mortgagor's liability to her on the mortgage.

2. Where a mortgagor conveyed his interest in mortgaged premises, his vendee assuming and agreeing to pay the mortgage, but the mortgagee was not a party to the agreement, and did not accept the vendee as her debtor, nor release the mortgagor from liability on the mortgages, she is not bound to proceed against the estate of the vendee as a condition to her right to foreclose the mortgage.

3. Where a mortgagee failed to present her claim on the mortgage against the estate of a vendee, who had assumed the mortgage, and disclaimed in her complaint in foreclosure any such claim against the executrix, such mortgagee did not thereby release the mortgagor from his personal liability for any deficiency on the mortgage.

4. Where tenants in common mortgaged the common property to secure joint and several notes executed by them, a judgment for any deficiency

which may occur on the sale of the mortgaged premises may be properly rendered against one of them.

(Opinion filed June 20, 1900.)

Appeal from circuit court, Minnehaha county. Hon. JOSEPH W. JONES, Judge.

Suit by Julia H. Hull against Daniel Hayward, impleaded with Charles N. Fleetwood and others to foreclose a certain mortgage. Decree for plaintiff, and from that part of the decree adjudging him liable for any deficiency resulting from a sale of the mortgaged premises Daniel Hayward appeals. Affirmed.

The facts are stated in the opinion.

*Davis, Lyon & Gates,* for appellants.

The purchaser of mortgaged premises who assumes the mortgage debt becomes liable to respond directly to the mortgagee for any sufficieny in case of foreclosure. Garnsey v. Rogers, 47 N. Y. 233; Burr v. Beers, 24 N. Y. 178; Rogers v. Gosnell, 51 Mo. 466; King v. Whitely, 10 Paige, 465; Marshall v. Davis, 70 N. Y. 414; Trans v. Dorr, 62 N. W. 269; Connor v. Jones, 72 N. W. 463; Halsey v. Reed, 9 Paige 446.

*Keith & Warren,* for respondent.

Delay in presenting a claim against the estate of a deceased principal will not discharge the surety. Eikhoff v. Eikenbary, 72 N. W. 308; Clark v. Douglas, 79 *Id.* N. W. 158; Ashby v. Johnston, 79 Am. Dec. 102.

CORSON, J. This is an appeal by the defendant Daniel Hayward from the part of a decree in mortgage foreclosure proceedings adjudging him liable for any deficiency that may result from the sale of the mortgaged premises. In 1889 the

appellant, Hayward, and the defendants Fleetwood and Hollister, executed to the plaintiff three promissory notes, aggregating the sum of $5,000, and to secure the same executed three several mortgages upon three separate and distinct lots owned by them as tenants in common. In May, 1891, Hollister conveyed his interest in the mortgaged premises to the appellant, who assumed and agreed to pay Hollister's share of the mortgage debt. In 1893 appellant conveyed his undivided two-thirds of the mortgaged premises to C. C. Carpenter, who assumed and agreed to pay two-thirds of the mortgage debt. About the same time Fleetwood conveyed his undivided one-third of the mortgaged premises to said Carpenter, but without any agreement on the part of said Carpenter to pay any part of Fleetwood's one-third of the mortgage debt. In 1895, Carpenter died, and Frances G. Carpenter was appointed executrix of his estate. The notes so executed by appellant, Fleetwood, and Hollister not having been paid, this action was instituted for the purpose of foreclosing said three mortgages. Fleetwood was not served with summons in the action. The court held that the action upon the notes was barred as against Hollister. Frances G. Carpenter in her own name and as executrix failed to appear in the action. In the eighth paragraph of the complaint it is alleged "that no personal claim is made in this action against the defendant Frances G. Carpenter and Frances G. Carpenter as executrix, as aforesaid, or against any of the defendants herein, except the defendants Daniel Hayward, Charles H. Fleetwood, and William C. Hollister." The court, after finding the facts substantially as stated, concludes as matter of law that the respondent is entitled to a judgment of foreclosure of said mortgages, and that, if the proceeds of said sale

should not be sufficient to pay the sums of money therein directed to be paid, respondent, Julia M. Hull, should have judgment for such deficiency against the appellant, Daniel Hayward, personally.

The appellant contends that by the purchase of the mortgaged premises and the assumption of the mortgage debt Carpenter became liable to respond directly to the mortgagee for any deficiency in case of foreclosure, and that, although the respondent as mortgagee was not privy to this agreement, yet, it being made for her benefit, she could enforce it by a personal action against Carpenter, or, after his decease, against his estate, and that she by failing to present her claim against the estate of Carpenter, and in her complaint disclaiming any personal claim against the defendant Frances G. Carpenter, personally or as executrix of the said estate, had, in effect, released the appellant, Hayward, from his personal liability for any deficiency upon the mortgages. Under the findings in the case, this contention cannot be sustained. By the twelfth finding of fact, the court finds "that the plaintiff never had any communication or correspondence with said Charles C. Carpenter relative to the said mortgage indebtedness, and never had any communication from or with, or correspondence with, said Hayward relative to the subject of Carpenter's assumption of said mortgage indebtedness, except as stated in the foregoing finding No. 11, and that in receiving the interest on said notes the plaintiff had no personal knowledge by whom such interest was paid." By the eleventh finding of fact therein referred to, the court finds that shortly after the conveyance by the appellant to Carpenter he notified the plaintiff by letter of the conveyance, and that said Carpenter had assumed the mort-

gage indebtedness, and would pay the interest.   It will thus be seen that the plaintiff in no manner accepted the said Carpenter as her debtor, and in no manner released the parties executing the said notes and mortgages from their liability upon the same to her.   She was not bound, therefore, to proceed against the estate of Carpenter, or make any claim against his estate, either by presenting her claim thereto, or in this action for the foreclosure of the mortgages.   Appellant could not, by any contract between himself and Carpenter, bind the plaintiff, or relieve himself from his liability to her upon the notes and mortgages.   It may be conceded that, if the respondent desired to hold Carpenter or his estate for two-thirds of the amount of these mortgages, she might have done so, but, as before stated, without some agreement on her part. she cannot be compelled to resort to him or his estate for the amount due upon her mortgages.

While the respondent after notice by the appellant that he had transferred his interest in the property, might not do any affirmative act that would prejudice the rights of the appellant (Dilliway v. Peterson, 11 S. D. 210, 76 N. W. 925), mere delay in enforcing her claim, or the omission to proceed against the estate of Carpenter, would not affect her rights as against the appellant Clark v. Douglas [Neb.] 79 N. W. 158; Eickhoff v. Eikenbary, 52 Neb, 332, 72 N. W. 308; Ashby v. Johnston, 23 Ark. 163, 79 Am. Dec. 102.   We may assume in support of the judgment that the notes executed by appellant and his co-tenants were joint and several, and, this being so, the appellant was very properly held individually liable for any deficiency which may occur upon the sale of the mortgaged premises. The judgment of the court below is affirmed.