MUNDT, Respondent, v. MESSENGER PUBLISHING COMPANY et al. (Billinghurst, Appellant.)

(176 N. W. 740.)

(File No. 4634. Opinion filed March 2, 1920.)

1. Sales—Time Sale of Type Machine, Title Withheld—Successive Re-sales by Vendees With Contract to Pay Balance, Liability of New Purchasers for Original Purchase Money—Privity of Contract—Statute.

Plaintiff, purchaser of type setting machine under a conditional contract providing for monthly payments of purchase money through notes given vendor, and relation of title in vendor until paid for, subsequently sold the machine to M company, which as part of new purchase money, agreed to pay said balances; thereafter selling the machine to B; who likewise in writing agreed to pay the then balance of original purchase money. Plaintiff, against whom judgments were subsequently recovered on the notes, paid the judgments, and sued said successive vendees for reimbursement. Held, that when B (the last vendee) agreed to pay the original indebtedness, he thereby became debtor to the original vendor or assignee,

while plaintiff became a surety therefor, and when the latter paid the judgments he became subrogated to rights of original vendor, or other owner of the notes, and B thereby and thereafter became plaintiff's debtor; the case being within Sec. 808, Rev. Code 1919, providing that a contract made expressly for benefit of a third person may be enforced by him at any time before rescission.

2. Evidence—Time Sale, Judgment Against Vendee for Purchase Money, Evidence of Payment Of, Against Subsequent Vendee's Promise to Pay, Competency—Right of Original Vendor to Sue Subsequent Vendees—Defense of Rescission, Unsustained by Evidence.

In a suit by an original vendee of a type machine who had paid off a judgment rendered against him by vendor for balance of purchase money, he having theretofore sold the machine to one of defendants under written promise by latter to pay balance of original purchase money, such second vendee having resold to a co-defendant with same written promise by latter, held, in a suit by the original vendee against subsequent vendees to recover the amount he had paid under the judgment, that evidence that he had paid the judgment, was competent against defendants; the original vendors having the optional right of bringing suit against original vendee alone or against any of subsequent purchasers who had assumed to pay the indebtedness. Held, further, that the defense by the last purchaser, that he was discharged by rescission of original sale contract, is untenable, evidence failing to show rescission or failure of consideration.

3. Judgments—Res Judicata—Purchase Money Notes, Judgment For, Whether Conclusive Against Subsequent Purchasers From Original Vendee—Rule Re Parties.

Defendant, purchaser of personalty from second vendee thereof who had purchased from original vendee, each subsequent vendee having in writing promised to pay balance owing from original vendee to original vendor, is bound by a judgment in favor of original vendor against its vendee on notes for balance of purchase money, although the subsequent purchasers were not made parties to the suit; this under the rule that where a person not a party to the action will be liable to another who is a party if latter's claim or defense shall fail, and such person has notice of the suit and opportunity to participate therein in defense, he will be bound by the result the same as though made party to the action.

Appeal from Circuit Court, Hughes County.   Hon. JOHN F. HUGHES, Judge.

Action by William J. Mundt, against the Messenger Publishing Company, a corporation, and Charles Billinghurst, to recover the amount of certain purchase money paid by plaintiff under a contract of purchasing a typesetting machine, which plaintiff has subsequently sold to said corporation, and which the latter had sold to defendant Billinghurst. From a judgment for plaintiff, and from an order denying a new trial, defendant Billinghurst appeals. Affirmed.

*Gaffy, Stephens & McNamee,* for Appellant.

*Horner, Martens & Goldsmith,* for Respondent.

(1)   To point one of the opinion, Appellant cited: Carter v. Sarby, 50 Am. Dec. 156; Parlin v. Hall, 2 N. D. 473; Chung Kee v. Davidson, 73 Cal. 522; Fry v. Ausman, 29 S. D. 30; Hollister v. Sweet, 32 S. D. 141.

Respondent cited: 19 R. C. L. 373, 375; 78 Am. Dec. 88; 9 Am. & Eng. Ency. Law 257; 6 R. C. L. 882-5; Iowa Loan Etc. Co. v. Schnose, 19 S. D. 248; Fry v. Ausman, 29 S. D. 30; Stearns on Suretyship, p. 448; 25 R. C. L. 1373; Brandt on Suretyship, Vol. 1, Sec. 47.

(2)   To point two, Appellant cited: Note to Baxter v. Camp, 71 A. S. R. 198.

(3)   To point three, Appellant cited: Goldberg v. Loan & Title Co., 24 S. D. 49-56; Farmers Elevator Co. v. U. S. F. & G. Co. (S. D.), 172 N. W. 519.

McCOY, P. J.   In this action there was verdict directed and judgment rendered in favor of plaintiff, from which defendant Billinghurst appeals.

It appears from the record that in December, 1911, the respondent purchased from the Unitype Company a typesetting machine for $1,500, under a conditional contract of sale which provided for a cash payment of $50, and the balance in notes of $25 each, payable each consecutive month thereafter until the full payment of said purchase price; that title to said machine should remain in said Unitype Company until full payment, and which contract was duly filed and placed of record; that thereafter, in April, 1913, respondent sold and delivered said machine to the Messenger Publishing Company; that said Messenger Publishing Company, as part of the consideration of said contract of sale, in writing, expressly assumed and

agreed to pay to said Unitype Company the sum of $1,236.25, which was then due and unpaid on said contract for the purchase of said machine; that thereafter, in June 1913, the said Messenger Company, among other things, sold and delivered said machine to appellant Billinghurst, who, in writing, as a part of the consideration for said sale, expressly assumed and agreed to pay the balance of $1,100 then remaining due to the said Unitype Company for said machine. Thereafter suits were instituted by the Unitype Company and others who had become the owners of said notes, which had been given for the said purchase price of said machine, against respondent, and judgments were rendered in said actions against said respondent for the full amount of said purchase price of said machine then remaining unpaid, and which amounts had been assumed and agreed to be paid by said Messenger Publishing Company and appellant, and which judgments were thereafter paid and satisfied by respondent. Respondent upon being sued in said actions immediately notified said Messenger Publishing Company and appellant thereof, and requested them to pay said notes or defend in said action, and to interpose and plead any defense they might have against a recovery in said actions.

[1] The first contention of appellant is that there was no privity of contract between respondent, Mundt, and appellant, Billinghurst, and that there was no obligation on the part of appellant to pay respondent the indebtedness involved in the action. We are of the opinion that, when appellant assumed and so agreed to pay said indebtedness to the Unitype Company or its assigns, that respondent became a surety for the payment of said indebtedness, and that when respondent paid and satisfied said judgments and said indebtedness he became subrogated to all the rights of the Unitype Company, or other owners of said notes, and thereby and thereafter the appellant became and was the debtor of respondent. Dillaway v. Peterson, 11 S. D. 210, 76 N. W. 925; Miller v. Kennedy, 12 S. D. 478, 81 N. W. 906; Hull v. Hayward, 13 S. D. 292, 83 N. W. 270, 79 Am. St. Rep. 890; Iowa Loan Co. v. Schnose et al., 19 S. D. 248, 103 N. W. 22, 9 Ann. Cas. 255; 19 R. C. L. 374; Klapworth v. Dressler, 13 N. J. Eq. 62, 78 Am. Dec. 88.

In this case there was an express agreement and an express

intent on the part of the Messenger Company, and on the part of the appellant, as a part of the consideration for the said sales, to assume and pay the indebtedness to the Unitype Company, a third party, and therein lies the distinction between the facts of this case and those in Fry v. Ausman, 29 S. D. 30, 135 N. W. 708, 39 L. R. A. (N. S.) 150, Ann. Cas. 1914C, 842, and Hollister v. Sweet, 32 S. D. 141, 142 N. W. 255. In Fry v. Ausman the grantor of the person who assumed the mortgage indebtedness had not assumed or agreed to pay said debt, and therefore it could not be inferred from the transaction itself that the grantee, Ausman, intended or agreed to pay the third party, Fry. We are therefore of the view that the case at bar is within the rule established by section 808, Rev. Code 1919, formerly section 1193, C. C.

[2]  Appellant also urges that the court erred in admitting evidence tending to prove that respondent had paid said indebtedness and judgments. We are of the opinion that this contention is not well grounded for reasons already stated, and for the further reason that, under the facts of this case, the Unitype Company and its assigns had the optional right of bringing suit against respondent alone or against any of the subsequent purchasers who had assumed and agreed to pay such indebtedness.

Appellant also urges that there was no obligation resting on him to pay said indebtedness for the reason that said contract of sale between said Unitype Company and respondent had been rescinded. We are of the view that the evidence fails to show rescission or any right of recission or any failure of consideration. We are of the opinion that no defense of any kind was shown or established by the evidence against the respondent's · cause of action.

[3]  We are also of the opinion that appellant was concluded and bound by the judgments against respondent. This court in Goldberg v. Loan & Title Co., 24 S. D. 49, 123 N. W. 266, 140 Am. St. Rep. 775, approved the following rule:

"Where a person not a party to an action will be liable to another who is a party if the latter's claim or defense shall fail, and such person has notice of the action and opportunity to participate therein in defense and maintenance of his position,

he will be bound by the result the same as if he were a party to such action."

See American Candy Co. v. Insurance Co., 164 Wis. 266, 159 N. W. 917.

All assignments of error have been carefully considered.

Finding no error in the record, the judgment and order appealed from are affirmed.