CITIZENS STATE BANK OF MOBRIDGE, S. D., Respondent
v. INTERSTATE SURETY COMPANY, Appellant.

(178 N. W. 935.)

(File No. 4633.   Opinion filed August 16, 1920. · Rehearing denied November 6, 1920.)

**Indemnity—Bank Deposit By Land Purchaser, Indemnity Bond Re Transfer of Fund to Vendor, Liability of Surety—Collusion Between Surety and Vendor, Verdict As Decisive—Former Decision Followed—Former Judgments as Res Judicata Against Surety.**

R sold realty to C, the latter placing in bank part of purchase money pending the making good of the title by vendor through an agent of Department of the Interior; thereafter C. at R's request transferred the money to R's checking account at bank, the latter requiring an indemnity bond from R.   Title not having been perfected, C recovered judgment against the bank for the amount of deposit.   In a suit by bank against R and his surety, to recover the amount involved, **held**, that the verdict for plaintiff in present suit, under instructions given, is decisive of the question whether there was collusion between the bank

and R involving a breach of trust as against C, in the bond transaction, which defence was set up surety; following the decision in Citizens Bank of Mobridge v. Rosenberger et al., 40 S. D. 256, 167 N. W. 154.  **Held,** further, that in other respects the judgments against the surety in the several suits wherein several depositors were plaintiffs, set forth in present action, are decisive of surety's liability; it having been notified of depositors' demands and of suits following, and requested to pay demands or defend suits, and having refused to do either; said judgments being **res judicata** against surety, save as to said matter of good faith re trust.

Whiting, J., taking no part in the decision.

Appeal from Circuit Court.  Hon. Joseph, Bottum, Judge.

Action by Citizens State Bank of Mobridge, S. D., a corporation, against the inter-state Surety Company, a corporation.  From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.  Affirmed.

*Sterling & Clark, W. F. Corrigan,* and *W. F. Bruell,* for Appellant.

*Julius Skaug,* and *Karl Goldsmith,* for Respondent.

GATES, J.  This is an appeal from a judgment for respondent and an order denying new trial.  The cause was before us upon an appeal from an order overruling a demurrer to the complaint, which order was affirmed.  Citizen's State Bank v. Rosenberger, 40 S. D. 256, 167 N. W. 154.  The facts necessary to an understanding of the case appear in that opinion.  We there said:

"There is always in every contract of indemnity or suretyship transaction an opportunity for the principal debtor and the person for whose benefit the indemnity contract is made to enter into a conspiracy to defraud the surety; but there is nothing in the transaction set out in the complaint that discloses any such fraudulent conspiracy, or that the plaintiff bank acted otherwise than in good faith."

Under the instructions given by the trial court upon that question the verdict of the jury favorable to respondent is decisive of that question.

In other respects the judgments entered against respondent in the several actions where in the several depositors were plaintiff, set forth in the complaint in this action, were decisive of the

liability of appellant.    Notice was given to appellant of the demands made by the depositors and of the commencement of the actions, and appellant was requested to pay those demands or to defend the actions.  Appellant refused to do either.   Under such circumstances the judgments in said actions became res judicata against appellant, except as to the matter of respondent's good faith, above adverted to.   Goldberg v. Sisseton, L. & T. Co., 24 S. D. 49, 123 N. W. 226, 140 Am. St. Rep. 775; Mundt v. Messenger Pub Co., 42 S. D. 608, 176 N. W. 740.

Finding no error in the record prejudicial to appellant, the judgment and order appealed from are affirmed.

WHITING, J., took no part in this decision.