JOHN DEERE PLOW COMPANY, Appellant, v. TUINSTRA, Sheriff, et al.,

(200 N. W. 61.)

(File No. 5322.   Opinion filed September 8, 1924.)

1.  Mortgages—Assumption of Mortgage—Principal and Surety—Contracts—Grantee of Mortgaged Realty, Assuming Mortgage, Becomes Principal Debtor, and Mortgagor Surety.

> Grantee of mortgaged realty, assuming the mortgage, becomes the principal debtor, and mortgagor, as between the parties at least, the surety.

2.  Principal and Surety—Indemnity—Seller of Merchandise Stock Held Not Indemnitee, and Not Entitled to Proceed Against Buyer Until Payment of Debt.

> Seller of stock of goods, to buyer, assuming and agreeing to pay indebtedness, became surety, not entitled until payment of assumed debt to proceed against his principal, and not an indemnitee, within Rev. Code 1919, Sec. 1470, subd. 1.

3.  Principal and Surety — Reimbursement — Surety Can Proceed Against Principal, Only if He Has Satisfied Obligation.

> Under Rev. Code 1919, Secs. 1508, 1509, surety satisfying the obligation can proceed against his principal, but cannot so proceed until he has satisfied it.

4.  Garnishment—Assignments—Assignee Held to Have Precedence Over Garnishment by Surety Not Paying Debt Before Bringing Suit.

> Where seller of merchandise sued buyer for failure to pay a debt, assumed by him as part of purchase price, without himself paying the debt, and garnisheed a note and mortgage, buyer's subsequent assignment thereof gave his assignee a superior lien, since action was premature and garnishment ineffective.

Appeal from Circuit Court, Bon Homme County; Hon. Robert B. Tripp, Judge.

Action by the John Deere Plow Company of Moline against D. A. Tuinstra, as Sheriff of Bon Homme County, and another. Judgment for defendants, with order denying new trial, and plaintiff appeals. Reversed and remanded.

*French, Orvis & French,* of Yankton, for Appellant.

*G. M. Caster,* of Lake Andes, and *James Kirk, Jr.,* of Avon, for Respondents.

Appellant cited: Miller v. Kennedy et al., 12 S. D. 478, 81 N. W. 906; Leithauser v. Baumeister et al., (Minn.) 49 N. W. 660; Citizens Bank of Senath v. Douglas et al., (Mo.) 173 S. W. 713; 32 Cyc 35; 3 Pomeroy's Equity Jurisprudence, 2nd Ed., sec. 1206 .

Respondent cited: Belloni v. Freeborn 63 N. W. 363; Weightman v. Union Trust Co. 208 Pa. St. 449; 57 Atl. 879; 22 Cyc 91; Lathrop v. Atwood, 21 Conn. 117; Stout v. Folger, 34 Iowa 71, 11 Am. Rep. 138; Dorrington v. Minnick, 19 N. W. N. W. 456; Callender v. Edmison et al., 8 S. D. 81, 65 N. W: 425; Merriam v. Lumber Co., 23 Minn. 314.

GATES, J. The important facts in this case are as follows: On May 13, 1920, Newport sold his hardware and implement stock to Klein, pursuant to a contract in writing whereby Klein assumed and agreed to pay certain of Newport's indebtedness. No time was fixed in the contract within which such debts should be paid. On July 24, 1920, Newport brought an action against Klein, upon the ground that Klein had failed to pay certain of such assumed indebtedness. In that action a garnishee summons was served upon the Bank of Avon, which then held a note and mortgage given by Hento to Klein as collateral security for a debt due from Klein to the bank. On September 29, 1920, Klein assigned his interest in the Hento note and mortgage to the plaintiff in this case. This assignment was recorded September 30, 1920. This action was brought to enjoin the sale by the sheriff of the Hento note and mortgage, pursuant to execution issued upon the judgment in the case of Newport v. Klein. The trial court found for the defendantss and entered judgment accordingly. From the judgment and an order denying a new trial, plaintiff appeals.

The ultimate question in this case is whether the right of appellant, under the assignment, is superior to the right of Newport, under his levy, in the Hento note and mortgage. It is entirely clear from the evidence that at the time the action of Newport v. Klein was begun, and at the time the garnishee summons was served upon the Bank of Avon, and at the time of the execution and recording of the assignment of the Hento note and mortgage to appellant, Newport had not paid the indebtedness that Klein had assumed. The important question then is: Did

Newport, the original debtor, become Klein's surety, as between Klein and Newport, when Klein, as a part of the purchase price of Newport's hardware and implement stock, assumed and agreed to pay certain specified debts of Newport?

[1]   It is the settled law of this jurisdiction that a purchaser of mortgaged realty, who assumes and agrees to pay the mortgage, thereby becomes the principal debtor, and the mortgagor becomes the surety, at least as between him and the mortgagor, his grantor. Dillaway v. Peterson, 11 S. D. 210, 76 N. W. 925; Miller v. Kennedy, 12 S. D. 478, 81 N. W. 906; Hull v. Hayward, 13 S. D. 292, 83 N. W. 270, 79 Am. St. Rep. 890; Lowa Loan & Tr. Co. v. Schnose, 19 S. D. 248, 103 N. W. 22, 9 Ann. Cas. 255. As was said in Miller v. Kennedy, supra, quoting from Pomeroy, Eq. Jur. (italics ours):

"As between the mortgagor and the grantee, the grantee becomes the principal debtor, primarily liable for the debt, and the *mortgagor becomes a surety, with all the consequences flowing from the relation of suretyship.*"

[2]   Wherein lies the difference between the assumption of a mortgage by a real estate vendee and the assumption of the debt of a seller of personal property by the purchaser? We confess that we can see no distinction in principle. This court, in Mundt v. Messenger Pub. Co., 42 S. D. 608, 176 N. W. 740, has recognized that there is no distinction in principle, because it has applied the same doctrine in the case of the sale of personal property. In that case we said:

"We are of the opinion that when appellant assumed and so agreed to pay said indebtedness to the Unitype Company or its assigns respondent became a surety for the payment of said indebtedness, and that when respondent paid and satisfied said judgments and said indebtedness he became subrogated to all the rights of the Unitype Company or other owners of said notes, and thereby and thereafter the appellant became and was the debtor of respondent."

Therefore, as between Newport and Klein, Klein became the principal debtor of the assumed debts and Newport the surety.

[3, 4]   One of the consequences flowing from the relation of suretyship is that, when the surety satisfies the obligation, he then becomes entitled to proceed against his principal. Rev. Code

1919, §§ 1508 and 1509. The converse necessarily follows that he is not entitled to so proceed until he has satisfied the obligation. The garnishee action, having been brought before Newport had satisfied the obligations which Klein had assumed, was prematurely brought. The garnishment was ineffective, and appellant, by virtue of its assignment of the Hento note and mortgage, obtained a right thereto prior and superior to the right of Newport therein.

The learned trial court held that, under section 1470, subd. 1, Rev. Code 1919, the respondent should recover. That subdivision provides:

"Upon an indemnity against liability, expressly, or in other equivalent terms, the person indemnified is entitled to recover upon becoming liable."

It is sufficient to say, in answer thereto, that the contract of assumption by Klein was not a contract of indemnity against liability. By the contract of assumption the mere relation of principal and surety arose, and, as pointed out in Callender v. Edmison, 8 S. D. 81, 65 N. W. 425, no cause of action arose against the principal, Klein, until the surety, Newport, had paid the debt.

The judgment and order appealed from are reversed, and the cause is remanded for further proceedings in harmony herewith.

DILLON, J. (dissenting). I cannot agree with the conclusions reached by the majority of the court, and dissent therefrom. The material facts in this case are not in serious dispute, and may be summarized as follows:

On September 29, 1920, one Klein executed and delivered to plaintiff plow company (appellant here) an assignment of a real estate mortgage and note for $13,400 on 120 acres of land in Bon Homme county, this state, which assignment was duly recorded. The mortgage and note at the time of the execution of the assignment were in the possession of the Bank of Avon as collateral security for a debt of said Klein for the sum of $3,500. On July 24, 1920, defendant Newport commenced an action against said Klein and issued garnishee summons, naming the Bank of Avon as garnishee defendant. On May 13, 1920, respondent Newport sold and delivered to said Klein his hardware and implement stock at the invoice price, plus 5 per cent, freight

and drayage on such merchandise. The said Klein covenanted that he would and did assume all of said Newport's indebtedness, viz.: (1) To Johnson-Redfield Land Company. (2) All of Newport's indebtedness to the Bank of Avon. (3) All of Newport's indebtedness on hardware and implement business, it being understood that the word "assume" means to undertake to pay in full.

But Klein failed to pay the sums so assumed, and Newport then commenced an action against him and caused garnishee summons to be issued against the plow company. The total amount owing on the hardware deal was about $8,000, which had been assumed by Klein and when paid was to become a part payment on the purchase of such hardware stock. On June 1, 1921, Newport recovered judgment against Klein for $4,678.87 in the garnishment proceedings. Execution was issued on such judgment and the defendant sheriff on July 16, 1921, levied upon the abovementioned note and mortgage and was about to sell the same when the plaintiffs instituted this suit to enjoin the sale of such note and mortgage. Finding No. 2 is as follows:

"That in addition to the facts as stipulated this court finds that on the 8th day of June, 1920, the defendant W. A. Newport executed and delivered to the Bank of Avon an assignment of a certain contract for deed, covering certain lots in the city of Avon, S. D., and on which on that date there was a balance due to the said Newport of $3,500, and that on that same date the said Newport delivered to the Bank of Avon a warranty deed for said premises, which transfers were intended by the said Newport and said bank, if the contract for a deed was finally paid by the contractor, as a settlement to the amount of $3,500 on notes which the said Newport owed said bank in the principal sum of $4,000, and which notes so owed by the said Newport one E. J. Klein has assumed and agreed to pay as a part of the purchase price of a stock of hardware owned by the said Newport in the city of Avon, S. D., under a certain contract entered into by and between them, and which contract is fully set out in the complaint of the plaintiff herein."

The court concluded that a cause of action accrued in favor of defendant Newport, upon the notes held by the Bank of Avon in the sum of $4,000, which had been assumed by Klein; that de-

fendants were entitled to judgment; that Newport should have a lien by virtue of the garnishments on the note and mortgage assigned to the plow company, superior to the lien of the plow company, and inferior only to the lien of the Bank of Avon, on said note and mortgage for the amount owing by said Klein for the full amount of the judgment; that defendants are entitled to judgment dismissing plaintiff's action, and judgment was entered accordingly. Defendants then moved for a new trial; this was overruled. This appeal is from the judgment and order overruling motion for new trial.

Appellant contends that, under the contract between Newport and Klein, whereby Klein assumed and agreed to pay Newport's indebtedness to the Bank of Avon, Klein became primarily liable for the indebtedness and thus became the principal, and Newport became the surety; that the surety could not maintain an action against Klein until he had paid the indebtedness himself; while respondent Newport contends that his cause of action against Klein arose immediately upon Klein's failure to pay that indebtedness himself before he could maintain an action against Klein. I think the respondent's contention should be sustained.

It must be conceded that Newport's cause of action against Klein arose immediately when Klein failed to pay that indebtedness. It was not necessary for him to first pay that indebtedness himself, for to do so would require him to pay his own indebtedness to the bank and then be forced to sue to recover back the sum so paid. To adopt such a contention would deprive the vendor of the merchandise from making his own contract of sale of his own property, and deprive him of making the application of payments so received.

I think the right of action was complete when Klein failed to fulfill his covenants. I cannot give support to the contentions that the relation of principal and surety existed between Newport and Klein because they did not so stipulate. It is clear that they contracted and bound themselves as principals. There is no provision in this contract to the effect that Newport, in order to protect himself, should first pay the claims held by the bank. Newport and Klein both knew that they owed the bank and they both were interested in seeing that this debt was paid, and that was the purpose and intent of the agreement.

The plow company held its mortgage assigned by Klein; but such assignment did not provide that Newport should pay any part of the mortgage debt. In fact, the plow company was a stranger to the merchandise transaction. The plow company took the mortgage by assignment and thus recognized the rights of the bank to hold the mortgage for collateral which it held. When the merchandise agreement was made both Newport and Klein intended to provide for the payment of the bank's indebtedness. If Klein had paid the cash for the merchandise, Newport could have taken it and applied it to his own indebtedness to the bank. The parties sought to reach the same result by the merchandise agreement. They were endeavoring to protect themselves in the payment of their own debts; they owed no duty to make payment of the mortgage held by the plow company before securing the payment of their own debt.

The rule invoked by appellant is an equitable one and should not be construed to defeat the very object intended to be accomplished by the parties themselves. The rule should be confined to the transaction directly involved in the agreement. The funds derived from the sale of the merchandise belonged to Newport. It was the right of these parties to make such application of payments as they saw fit. By so doing, they should be treated as principals in the agreement on the sale of the merchandise.

The Bank of Avon was holding said note and mortgage as collateral security for a debt which Klein was owing said bank in the sum of about $3,500. The question here presented is one of making application of payments and that rule should be adopted that will allow the parties to make their own contract, as well as their own application of payments. The parties themselves made provision for the payment of the debt of another, which is different from an indemnity contract. The distinction is clearly pointed out by California and New York authorities. The rule in those states, from the similarity of our law to theirs, is entitled to great weight. Where the indemnity contract relates to the doing of something certain, as here, the payment of an existing debt or debts, the rule of liability for the entire debt or breach has been consistently followed in California and New York. But where the indemnity is for something uncertain, as against loss or damage that may never arise, the obligee cannot recover till he has dis-

charged the loss or damage that has accrued. This contract contained an expressed promise to pay at a fixed time. In Merriam v. Lumber Co., 23 Minn. 314, the court says:

"Upon the breach of a valid promise to pay his debt to a third party, such promisee may maintain an action against the promisor, without first paying the debt himself. The measure of damages in such case is the amount of the debt agreed to be paid."

Se Locke v. Homer, 131 Mass. 93, 41 Am. Rep. 199; Dorrington v. Minnick, 15 Neb. 397, 19 N. W. 456; Wilson v. Stillwell, 9 Ohio St. 468, 75 Am. Dec. 477; Sage v. Truslow, 88 N. Y. 240; Stout v. Folger, 34 Iowa, 71, 11 Am. Rep. 138; Trinity Church v. Higgins, 48 N. Y. 532.

In Wicker v. Hoppock, 6 Wall, 94, 18 L. Ed. 752, it is said:

"There is a well-settled distinction between an agreement to indemnify and an agreement to pay. In the latter case, a recovery may be had as soon as there is a breach of the contract, and the measure of the damages is the full amount agreed to be paid."

See 22 Cyc. 90 and 91; Lathrop v. Atwood, 21 Conn. 117; Stout v. Folger, 34 Iowa, 71, 11 Am. Rep. 138; Weightman v. Union Trust Co., 208 Pa. 449, 57 Atl. 879; Belloni v. Freeborn, 63 N. Y. 383; Dorrington v. Minnick, 15 Neb. 397, 19 N. W. 456.

Under the stipulation of facts, the findings of fact by the court are amply sustained by the findings of the lower court, and I am convinced that practically the entire amount of the judgment obtained by Newport against Klein was based upon payments made by him before the assignment of note and mortgage by Klein to appellant, which payments so made by Newport were part of the indebtedness which Klein had agreed to pay, and I further think that, under the contract entered into between Newport and Klein as construed by the Supreme Court of this state, and practically all other states, it was not necessary for Newport to pay any of that indebtedness in order to maintain the action against Klein for a violation of this contract to pay the debts in consideration for the stock of hardware sold and delivered to him by Newport.

Note.—Reported in 200 N. W. 61. See, Headnote (1), American Key-Numbered Digest, Mortgages, Key-No. 283(1), 27 Cyc. 1356; (2) Principal and surety, Key-Nos. 5, 183, 32 Cyc., pp. 245, 256;

(3) Principal and surety, Key-No. 183, 32 Cyc., pp. 245, 256; (4) Garnishment, Key-No. 108, 28 C. J. Sec. 353 (1926 Anno.).

On Rev. Code 1919, Secs. 1508 and 1509, see annotations Kerr's Cyc. Codes, 1920, Civ. Code, Secs. 2847 and 2848.