HAGMAN, et al, Appellants, v. WILLIAMS, Respondent.

(228 N. W. 811.)

(File No. 6766. Opinion filed January 31, 1930.)

*Bruell & Henderson,* of Redfield, for Appellants.

*James M. Brown,* of Aberdeen, for Respondent.

POLLEY, J. On and for some time prior to the 1st day of April, 1920, the plaintiffs were the owners of a half section of land in Faulk county, subject to a mortgage thereon for $5,000. On or about said date plaintiffs sold said land to one Batteen. In this transaction Batteen assumed the said $5,000 mortgage and executed to plaintiff another mortgage for $5,300.

On and prior to the 23d day of May, 1921, the defendant, Williams, was the owner of a quarter section of land in Edmunds county. The title to this land was incumbered by a mortgage for $3,800. On or about the last-mentioned date the said Batteen and defendant, acting through the A. M. Taylor Land Company, entered into an agreement to exchange their equities in the two tracts of land. The price of the Edmunds county land was fixed at $13,600, and was to be paid for by Batteen as follows: $1,500 in cash; $5,700 evidenced by the deed to the Faulk county land, subject to mortgages of record aggregating $10,300, which amount defendant assumed. Batteen assumed the $3,800 mortgage on the Edmunds county land and gave to defendant a third mortgage on the Edmunds county land for $2,600. Defendant gave to Batteen

a warranty deed to the Edmunds county land. Batteen never paid but $1,300 of the $1,500 cash payment he agreed to pay to defendant. Batteen executed a deed to the Faulk county land, but the name of the grantee was left blank, and he never gave any one authority to insert any name as grantee. This deed was left with the A. M. Taylor Land Company, but never was accepted by defendant, and the title to the land never passed from Batteen by reason of said deed. This deed was not produced at the trial, and whether it contained a provision whereby defendant was to assume the mortgage on the Faulk county land was not shown.

The mortgage given to plaintiffs by Batteen on the Faulk county land was not paid when due, and plaintiffs foreclosed it. They bought in the property themselves for $2,200, leaving a balance, principal and interest, of $4,888.97 due on the said mortgage; plaintiffs then brought this action against defendant to recover on the provision in the contract between Batteen and defendant whereby defendant assumed the incumbrances on the Faulk county land.

Findings of fact, conclusions of law, and judgment were for defendant, and plaintiffs appeal.

■ ■ It is the contention of appellants that the contract involved was made for their benefit, and that, under the provisions of section 808, R. C. 1919, they are entitled to maintain an action thereon in their own name against the defendant. It is not necessary to construe that section of the statute; because, assuming that a third party may maintain an action under that statute, it is necessary for the party who made the contract (in this case Batteen) to perform his part of the agreement, and that Batteen did not do. Upon the question of performance, the trial court made the following finding of fact:

"The court further finds that Robert Batteen never fully performed the conditions of the contract * * * in this that he never paid the balance of the cash provided for in the said contract, and that he never delivered to the defendant B. A. Williams a legal deed to the Faulk County land, but did deliver to the said A. M. Taylor a deed to the said Faulk County land without naming any grantee therein, and without any written authorization for the insertion of any grantee in said deed, and the court finds that the same was ineffectual for any purpose."

This finding of fact is supported by the evidence, and, under the former rulings of this court, the deed did not divest Batteen of the title to the property. Stalting v. Stalting, 52 S. D. 309, 217 N. W. 386. It was also incumbent upon Batteen to comply with the provisions of the contract in making the cash payment for the Edmunds county land. He agreed to pay $1,500, but paid only $1,300.

The agreement by defendant to assume the incumbrances against the Faulk county land and the agreement by Batteen to pay the $1,500 cash payment and to deliver a deed conveying defendant a merchantable title to the Faulk county land were mutual dependent covenants, which neither party could enforce until he had offered to perform himself; in other words, the agreement in the contract was to assume the mortgages on the land only when he received a conveyance of the title to the land.

The order appealed from is affirmed.

BROWN, P. J., and SHERWOOD and CAMPBELL, JJ., concur.

BURCH, J. (concurring specially). I do not think the contract sued upon is one made expressly for the benefit of a third person, by virtue of which such third person may maintain an action in his own name thereon at any time before the parties thereto rescind it, as provided by section 808, R. C. 1919. I am not unmindful of an apparent holding to the contrary by this court in Mundt v. Publishing Co., 42 S. D. 608-612, 176 N. W. 740; but that seems to have been thrown in as an additional reason for upholding plaintiff's action after it was decided that he had a right of action by subrogation, and no authorities were cited supporting the latter reason. While I do not think plaintiffs may bring the action under section 808, I do think they may maintain an action in their own right by substitution or equitable subrogation, where one promises to pay a mortgage as a part of the purchase price. This right exists independent of statute. But as substituted parties they cannot enforce any greater right than could Batteen for whom they are substituted. No sufficient proof of the performance of the contract by Batteen was made in this case, and I think for that reason the judgment should be affirmed.